IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SUPERIOR HOME HEALTH** § | | |
| **SERVICES, LLC** § | | |
| (5020 IBC Circle), § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| VS. § | | CASE NO. 1:17-cv-0195 |
| § | | |
| **PHILADELPHIA INDEMNITY** § | | |
| **INSURANCE COMPANY** § | | |
| **and ELIZABETH ORTIZ**, § | | |
| § | | |
| *Defendants*. § | | |

### DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Courts of Cameron County, Texas, 357th Judicial District, to the United States District Court for the Southern District of Texas, Brownsville Division.

### INTRODUCTION

1. Plaintiff is identified as Superior Home Health Services, LLC (8000 Vantage Drive) ("Plaintiff").

2. Philadelphia Indemnity Insurance Company ("Philadelphia") is one Defendant that Plaintiff has sued in this case.

3. Elizabeth Ortiz is the other Defendant sued in this case.

4.     Plaintiff commenced this first-party insurance case on August 31, 2017. Plaintiff has asserted causes of action arising under Texas law against Philadelphia for allegedly breach of contract, violating the Prompt Payment of Claims Act codified at chapter 542 of the Texas Insurance Code, engaging in unfair claims settlement practices in violation of various provisions of chapter 541 of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. Plaintiff has sued Elizabeth Ortiz for allegedly violating certain provisions of chapters 541 of the Texas Insurance Code.

5.     Philadelphia learned of Plaintiff's filing of this lawsuit in state court on or about September 12, 2017. Philadelphia is therefore timely filing this Notice of Removal, as it is removing this action "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

6.     Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Cameron County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

7.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

A. **Complete Diversity of Citizenship Exists Between Plaintiff and All Properly Joined and Served Defendants.**

8. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although one of the Defendants is an individual residing in Texas, she has not been served in this case.

9. "Plaintiff is a Texas resident who resides and conducts business in Cameron County, Texas [at] 5020 IBC Circle, Brownsville, Texas 78526." *See* Pl.'s Orig. Pet. ¶ 1 (included as a part of **Exhibit 4**).

10. Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Eugene Angiolillo, attached as **Exhibit 1** (attesting to the facts that Philadelphia is incorporated in and maintains its principal place of business in Pennsylvania). *See id.*

11. Elizabeth Ortiz is an individual residing in Texas. *See* Pl.'s Orig. Pet. ¶ 3. Plaintiff has not obtained service of process upon Elizabeth Ortiz. *See* Ortiz Affidavit ¶ 3 (**Exhibit 2**).

12. A majority of the federal courts considering "snap removal," as Philadelphia seeks here, have held that 28 U.S.C. § 1441(b)(2) permit removal as long as no in-state defendant has been served. The majority of those courts have held that a *non-forum* defendant — Philadelphia, in this case — can remove prior to service of any in-state defendant. *See, e.g., Regal Stone Ltd. v. Longs Drug Stores*

*Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

13.     Most courts following this majority approach permitted removal without consideration of whether the defendant removing the case had been served at the time of removal. *See, e.g.*, *Poznanovich v. AstraZeneca Pharms. LP*, Civ. No. 3:11-cv-04001, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required."); *Robertson v Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Boyer v. Wyeth Pharms., Inc.*, No. 12739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of §1441(b)."); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009) (denying motion to remand upon finding that "[t]he language of § 1441 (b) is plain and unambiguous").

These courts found there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

**B.    The Amount in Controversy Exceeds $75,000.**

14.    Plaintiff alleges that it is seeking damages of over $200,000. Pl.'s Orig. Pet. ¶ 5.

15.    Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

**C.    Removal Is Appropriate Under the Court's Diversity Jurisdiction.**

16.    In light of these facts, the state court claim may be removed to this Court because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

**FILING OF REMOVAL PAPERS**

17.    Pursuant to 28 U.S.C. § 1446(d), Philadelphia is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 357th Judicial District Court of Cameron County, Texas, where Plaintiff commenced this action.

18.    Philadelphia is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern

District of Texas Local Rule 81.1: (a) completed versions of JS-44 Civil Cover Sheet (**Exhibit 3**); (b) an index of all documents that identifies each document and indicates the date the document was filed in state court, and copies of each such document (**Exhibit 4**); (c) any executed process in the case (**none**); (d) a copy of the docket sheet in the state court action (**Exhibit 5**); and (e) a list of all counsel of record (**Exhibit 6**).

## OTHER REMOVAL MATTERS

19.  The only other Defendant sued in this cause, Elizabeth Ortiz, consents to the removal of this action. 28 U.S.C. § 1446(a). *See* Ex. 2, ¶ 4.

## CONCLUSION

20.  Philadelphia gives notice to the Court of its removal of the above-captioned action from the 357th Judicial District Court of Cameron County, Texas, and request that further proceedings be conducted in the United States District Court for the Southern District of Texas, Brownsville Division, as provided by law.

Dated: September 13, 2017

        Respectfully submitted,

        */s/   William R. Pilat*
        William R. Pilat
        Texas Bar No. 00788205
        S.D. Tex. Admission No.
        KANE RUSSELL COLEMAN LOGAN PC
        5051 Westheimer Road, Suite 1000
        Houston, Texas 77056
        Telephone:  713-425-7400
        Facsimile:   713-425-7700
        E-mail:  wpilat@krcl.com

        **ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on September 13, 2017, a true and correct copy of the foregoing *Notice of Removal* was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217

        */s/   William R. Pilat*
        William R. Pilat