**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SUPERIOR HOME HEALTH** | § | |
| **SERVICES, LLC** | § | |
| (5020 IBC Circle) | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:17-cv-0195** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| **and ELIZABETH ORTIZ** | § | |

*On Removal from:*

**CAUSE NO. 2017-DCL-05877**

| | | |
|---|---|---|
| **SUPERIOR HOME HEALTH** | § | **IN THE DISTRICT COURT** |
| **SERVICES, LLC** | § | |
| (5020 IBC Circle) | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| **and ELIZABETH ORTIZ** | § | **357TH JUDICIAL DISTRICT** |

**EXHIBIT 4**

**ALL DOCUMENTS FILED IN STATE COURT**

| Index | | |
|---|---|---|
| | Document | Filed |
| A | Plaintiff's Original Petition | 8/31/17 |
| B | Defendant Philadelphia Indemnity Insurance Company's Original Answer | 9/13/17 |
| C | Defendant Philadelphia Indemnity Insurance Company's Notice of Removal to Federal Court | 9/13/17 |

# EXHIBIT 4A

FILED
2017-DCL-05877
8/31/2017 5:30 PM
Eric Garza
Cameron County District Clerk
By Cassandra Gonzalez Deputy Clerk
19189256

2017-DCL-05877

CAUSE NO._____

| | | |
|---|---|---|
| SUPERIOR HOME HEALTH SERVICES, LLC | § | IN THE DISTRICT COURT |
| (5020 IBC Circle) | § | |
| Plaintiff | § | |
| | § | Cameron County - 357th District Court |
| | § | |
| VS. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and | § | |
| ELIZABETH ORTIZ | § | CAMERON COUNTY, TEXAS |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**SUPERIOR HOME HEALTH SERVICES, LLC (5020 IBC Circle)**, Plaintiff herein, files this Original Petition against Defendants PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PHILADELPHIA") and ELIZABETH ORTIZ ("ORTIZ") and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

## I. THE PARTIES

1. Plaintiff is a Texas resident who resides and conducts business in CAMERON County, Texas. Said property is located at: 5020 IBC Circle, Brownsville, Texas 78526.

2. **PHILADELPHIA INDEMNITY INSURANCE COMPANY** is a foreign corporation, authorized to engage in the insurance business in the State of Texas, and who issued a policy of insurance to Plaintiff named above. The Defendant may be served by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1

3.      Defendant, **ELIZABETH ORTIZ**, is a licensed insurance adjuster residing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O ELIZABETH ORTIZ, 7206 Forest Meadow St., San Antonio, Texas 78240-3209.

## II. CLAIM FOR RELIEF

5.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III. JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in CAMERON County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## IV. FACTUAL BACKGROUND

8.      Plaintiff is a named insured under a commercial property insurance policy issued by PHILADELPHIA INDEMNITY INSURANCE COMPANY..

9.      On or about APRIL 12, 2016, a storm hit the CAMERON County area,

2

damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11.     ELIZABETH ORTIZ was assigned as an individual adjuster on the claim who conducted a substandard investigation and inspection of the property who then prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     ELIZABETH ORTIZ's unreasonable investigation led to the denial of Plaintiff's claim.

13.     Moreover, PHILADELPHIA and ORTIZ performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14.     Plaintiff requested that Defendant PHILADELPHIA cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property, as well as damage sustained to the HVAC system.

**V. CAUSES OF ACTION**

15.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Breach of Contract (PHILADELPHIA INDEMNITY INSURANCE COMPANY Only)**

16.     PHILADELPHIA INDEMNITY INSURANCE COMPANY had a contract of insurance with Plaintiff.  PHILADELPHIA breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

3

17.     As a result of ORTIZ's material misrepresentation, PHILADELPHIA wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, PHILADELPHIA breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18.     To date, Defendant PHILADELPHIA continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to their Property.

19.     Defendant PHILADELPHIA failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant PHILADELPHIA's conduct constitutes a breach of the insurance contract between PHILADELPHIA and Plaintiff.

II.     **Prompt Payment of Claims Statute (PHILADELPHIA INDEMNITY INSURANCE COMPANY Only)**

20.     The failure of PHILADELPHIA to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms PHILADELPHIA reasonably believed would be required within the

4

time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following PHILADELPHIA's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

23.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on APRIL 12, 2016.  Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

## III.     Unfair Settlement Practices / Bad Faith (PHILADELPHIA INDEMNITY INSURANCE COMPANY and ELIZABETH ORTIZ)

### A.     Actionable Conduct of Defendant (PHILADELPHIA INDEMNITY INSURANCE COMPANY.)

24.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

25.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

26.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3     failing to promptly provide to Plaintiff a reasonable explanation of the

basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

      (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

      (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

     27.     Defendants violated § 541.061 by:

      (1)     making an untrue statement of material fact;

      (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

      (3     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      (4)     making a material misstatement of law; and

      (5)     failing to disclose a matter required by law to be disclosed.

     28.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

     **B.**     **Actionable Conduct of Defendant (ELIZABETH ORTIZ)**

     29.     Defendant ORTIZ, as a contractor and/or adjuster assigned by PHILADELPHIA to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages

6

to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30.     ORTIZ's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from PHILADELPHIA to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31.     Defendant ORTIZ conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, dated June 12, 2016, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

32.     Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual

7

inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33.     As a result of ORTIZ's material misrepresentation, PHILADELPHIA wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, PHILADELPHIA breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34.     ORTIZ failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

## IV.     Breach of Duty of Good Faith and Fair Dealing Against PHILADELPHIA INDEMNITY INSURANCE COMPANY.

35.     Defendant, PHILADELPHIA, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when PHILADELPHIA knew or should have known liability was reasonably clear. Defendant, PHILADELPHIA is therefore liable to Plaintiff.

36.     The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

## V.     Attorneys' Fees

37.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VI. CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VII. DEMAND FOR JURY

41.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

10

# EXHIBIT 4B

FILED
2017-DCL-05877
9/12/2017 5:04 PM
Eric Garza
Cameron County District Clerk
By Christina Hernandez Deputy Clerk
19389333

## CAUSE NO. 2017-DCL-05877

| | | |
|---|---|---|
| **SUPERIOR HOME HEALTH** | § | **IN THE DISTRICT COURT** |
| **SERVICES, LLC** | § | |
| (5020 IBC Circle), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| **and ELIZABETH ORTIZ,** | § | |
| | § | |
| *Defendants.* | § | **357TH JUDICIAL DISTRICT** |

### PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

**Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff, Superior Home Health Services, LLC ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

II.

AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.     With regard to the claims Plaintiff has brought for violation of provisions of chapter 541 of the Texas Insurance Code, Defendant alleges that Plaintiff is barred from asserting such claims by reason of Plaintiff's failure to provide written notice of such claims prior to filing suit, as required under the provisions of Section 541.154(b) of the Insurance Code.

2.     As to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Philadelphia alleges that a bona fide dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

3.     Pleading further and in the alternative, Defendant states that any of Plaintiff's claims or causes based upon an alleged misrepresentation, inducement or reliance on a representation fails as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard*

*v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.— El Paso 1996) ("[A]n insured has a duty to read the policy and, failing to do so, would be charged with knowledge of the policy terms and conditions."), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

4.      Pleading further and in the alternative, Defendant asserts that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

5.      Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

6.     Pleading further, and in the alternative, with regard to Plaintiff's claim for mental anguish damages, Defendant alleges that because Plaintiff is a corporation, as alleged in numbered paragraph 2 of Plaintiff's Original Petition, Plaintiff cannot suffer and thus is not entitled to recover damages for mental anguish. *See Huddleston v. Pace*, 790 S.W.2d 47, 52 (Tex. App.—San Antonio 1990, writ denied); *Haygood v. Chandler*, No. 12-02-00239-CV, 2003 WL 22480560, at *6 (Tex. App.—Tyler Oct 31, 2003, pet. denied); *see also EDM Office Servs., Inc. v. Hartford Lloyd's Ins. Co.*, Civ. No. H-3754, 2012 WL 2744738, *1 (S.D. Tex. July 9, 2012) ("Texas courts have held that the award of mental anguish or emotional distress damages against a corporation is 'inappropriate' because 'a corporation is not capable of emotional responses or sufferings of the mind.'") (citing *Huddleston* and *Haygood*).

7.     Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

8.     Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

9.     Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued

to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

10.     Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK1350556, including but not limited the following:

a.  *Building and Personal Property Coverage Form* (CP 00 10 10 00), modified by the *Texas Changes* endorsement (CP 01 42 01 11):

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**3.  Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B.  Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E.  Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

**3.  Duties In The Event Of Loss Or Damage**

**a.**  You must see that the following are done in the event of loss or damage to Covered Property:

**(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**  As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**  Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance.

However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records....

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

### 4. Loss Payment

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

b.  *Causes of Loss – Special Form* (CP 10 30 10 00):

### A. Covered Causes of Loss

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.**, Exclusions; or

2. Limited in Section **C.**, Limitations;

that follow.

## B. Exclusions

2. We will not pay for loss or damage caused by or resulting from any of the following:

   **d.** **(1)** Wear and tear;

       **(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

       **(3)** Settling, cracking, shrinking or expansion;

   **f.** Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

   **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   **c.** Faulty, inadequate or defective:

       **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

       **(3)** Materials used in repair, construction, renovation or remodeling, or

       **(4)** Maintenance;

       of part or all of any property on or off the described premises.

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or

resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

    (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

    (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c.  *Commercial Property Conditions* endorsement (CP 00 90 07 88), modified by the *Texas Changes* endorsement (CP 01 42 03 12):

### D.  LEGAL ACTION AGAINST US

  a.  Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

    (1) There has been full compliance with all of the terms of the Coverage Part; and

    (2) The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

  b.  With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

    (1) There has been full compliance with all of the terms of the Coverage Part; and

    (2) The action is brought within the earlier of the following:

      (a) Two years and one day from the date we accept or reject the claim; or

      (b) Three years and one day from the date of the loss or damage that is the subject of the claim.

### H.  POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.** We cover loss or damage commencing

  a.  During the policy period shown in the Declarations....

d.  *Texas – Limitations On Fungus, Wet Rot, Dry Rot And Bacteria* endorsement (Form CP 01 62 06 02):

A. The following exclusion is added. With respect to the loss or damage addressed therein, this exclusion supersedes any other exclusion which addresses fungus.

**"Fungus", Wet Rot, Dry Rot And Bacteria**

We will not pay for loss or damage caused directly or indirectly by the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

But if "fungus", wet or dry rot or bacteria results in:

1. A "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss", if the Causes Of Loss – Special Form applies;

2. A Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss, if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

This exclusion does not apply:

1. When "fungus", wet or dry rot or bacteria results from fire or lightning; or

2. To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

B. The following exclusion replaces any exclusion pertaining to continuous or repeated seepage or leakage of water; and supersedes any other exclusion, preclusion of coverage or exception to an exclusion pertaining to the leakage or discharge of water or steam from a system or appliance.

We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

C. The following is added:

**Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

1. The coverage described in C.2. and C.6. only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    **a.**  A "specified cause of loss" other than fire or lightning", if the Causes Of Loss – Special Form applies;

    **b.**  A Covered Cause of Loss other than fire or lightning", if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

**2.**  We will pay for loss or damage by "fungus", wet or dry rot or bacteria. As used in this Limited Coverage, the term loss or damage means:

    **a.**  Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    **b.**  The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    **c.**  The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

**3.**  The coverage described under **C.2.** of this Limited Coverage is limited to $15,000. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences described in **C.1.**, which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

11.    Pleading further and in the alternative, Defendant asserts the other coverage language, exclusions, limitations, definitions and defenses reflected in the policy of insurance Defendant issued to Plaintiff.

12.    Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

13.    Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>PRAYER</u>

BASED ON THE FOREGOING, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Superior Home Health Services, LLC has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By:____ */s/   William R. Pilat*____
        William R. Pilat
        State Bar No. 00788205
        E-mail: wpilat@krcl.com
        Andrew J. Mihalick
        State Bar No. 24046439
        Email: amihalick@krcl.com
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, a true and correct copy of the foregoing *Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Maverick County District Court:

> Marc K. Whyte
> WHYTE PLLC
> 1045 Cheever Blvd., Suite 103
> San Antonio, Texas 78217

                    */s/   William R. Pilat*
                    William R. Pilat

---

# EXHIBIT 4C

CAUSE NO. 2017-DCL-05877

| | | |
|---|---|---|
| **SUPERIOR HOME HEALTH SERVICES, LLC** (5020 IBC Circle), | § § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| VS. | § § | **CAMERON COUNTY , TEXAS** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY, and ELIZABETH ORTIZ,** | § § § § § | |
| *Defendants.* | § | **357TH JUDICIAL DISTRICT** |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, a Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Southern District of Texas, Brownville Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit "A,"** and that this action is removed to the United States District Court for the Western District of Texas for trial as of this date, September 13, 2017. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By:  /s/   William R. Pilat
     William R. Pilat
     State Bar No. 00788205
     Email: wpilat@krcl.com
     Andrew J. Mihalick
     State Bar No. 24046439
     Email:  amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700

ATTORNEYS FOR DEFENDANT PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on September 13, 2017, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other counsel of record, as listed below, via e-Filing with the electronic service provider for the Collin County District Courts:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217

    /s/   William R. Pilat
    William R. Pilat